UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DERRICK TERRELL LEE, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:17-CV-359 RLM |
| ST. JOSEPH COUNTY, et. al., | ) |
| Defendants. | ) |

OPINION AND ORDER

Derrick Terrell Lee, a prisoner representing himself in this case, filed an amended complaint alleging four South Bend Police Department Officers used excessive force against him during his March 17, 2017, arrest. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A The complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Lee is incarcerated at the St. Joseph County Jail. He brings suit about events that happened before his incarceration. Mr. Lee claims that in the early morning of March 17, 2017, he was in the basement of his residence when he heard unidentified footsteps upstairs. Alarmed, and unaware the people upstairs were South Bend Police Officers who were dispatched to his residence, Mr. Lee left through the back door. Once outside, Mr. Lee was grabbed and thrown to the ground as the defendants identified themselves as South Bend Police Officers and told Mr. Lee to stop resisting. Mr. Lee was subdued and complied with the officers' orders, but Mr. Lee says Officers Tyler Donlon and Corey Calvert began punching him for no reason, and that Officers Gregory Howard and Nathan Gates had their guns drawn and told Mr. Lee, "Stop resisting before you get shot." Mr. Lee brings suit against these four officers seeking money damages for their use of excessive force, in violation of the Fourth Amendment of the United States Constitution.

Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect

a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. Id. The "core requirement" for an excessive force claim is that the defendants "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted).

Taking Mr. Lee's allegations as true, he alleges that he was subdued and handcuffed, and didn't engage in any physical resistance. He alleges that even though he was complying with orders, Officers Donlon and Calvert assaulted him. Recognizing that further factual development might show that Mr. Lee was resisting or that the use of force was otherwise reasonable under the circumstances, when he is given the inferences to which he is entitled at this stage, he has alleged a plausible Fourth Amendment claim against these two officers.

Mr. Lee plausibly alleges that Officers Howard and Gates failed to intervene in the use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" can be held liable. Miller v. Smith, 220

F.3d 491, 495 (7th Cir.2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. Fillmore v. Page, 358 F.3d 496 506 (7th Cir. 2004); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982).

Although he concedes that these two officers never touched him, he does allege a plausible claim that Officers Howard and Gates knew that the other two officers were engaging in excessive force and had an opportunity to prevent them from using more force than was necessary under the circumstances, but failed to intervene. The complaint can be read to allege that because they were acting in concert, Officers Howard and Gates allowed Officers Donlon and Calvert to use excessive force on Mr. Lee. Again, further factual development might show that Officers Howard and Gates acted reasonably under the circumstances, but Mr. Lee has alleged enough to proceed on this claim.

For these reasons, the court:

> (1) GRANTS Derrick Terrell Lee leave to proceed against Officer Tyler Donlon and Officer Corey Calvert in their individual capacities for monetary damages for violating his Fourth Amendment rights by using excessive force on March 17, 2017;
>
> (2) GRANTS Derrick Terrell Lee leave to proceed against Officer Gregory Howard and Officer Nathan Gates in their individual capacities for

4

monetary damages for failing to intervene in Officers Donlon and Calvert's use of excessive force on March 17, 2017;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process on Officer Tyler Donlon, Officer Corey Calvert, Officer Gregory Howard and Officer Nathan Gates ; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Tyler Donlon, Officer Corey Calvert, Officer Gregory Howard and Officer Nathan Gates respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 29, 2017  /s/ Robert L. Miller, Jr.
Judge
United States District Court